Michael FEDRICK, Appellant,

v.

STATE of Missouri, Respondent.

No. 46375.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1983.

Carl Bauer, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

Movant Michael Fedrick (hereafter defendant) appeals the denial of his Rule 27.26 motion.

Defendant as a second offender had been found guilty on three counts of selling heroin. Trial judge Hon. Richard Brown imposed three consecutive six-year sentences.

By this Rule 27.26 motion defendant contends the sentencing court's record was not clear it had exercised its required discretion in imposing consecutive sentences. He relies on RSMo. 558.026 declaring:

"Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively; ..."

By its judgment the trial court did specify the three six-year sentences were to run consecutively. But defendant relies on the trial court's comments during sentencing. He now contends those remarks showed the trial court was then unaware of its discretion to impose concurrent sentences. By this appeal defendant asks us to remand the case to the sentencing court "for its exercise on the record of the required discretion in imposing concurrent or consecutive sentences."

After an evidentiary hearing the Rule 27.26 court denied defendant's motion. He has appealed. By Rule 27.26(f) and (j) defendant "has the burden of establishing his grounds for relief by a preponderance of the evidence," and our review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Defendant has failed to meet either requirement.

As said, defendant bases his claimed error on the trial court's lack of exercising discretion in imposing consecutive sentences. We conclude the record fails to clearly show the trial court so failed.

Defendant's contention is based on a statement by the trial court when it imposed the three consecutive sentences. The trial transcript shows that at sentencing defense counsel requested defendant's sentence be reduced to concurrent terms. The trial judge replied:

"No I couldn't do that. There are three separate offenses and I'd be giving him a free ride on two of them."

Here defendant contends the quoted word "couldn't" showed the trial court was ignorant of its power to consolidate. Just as logically the court was saying it "wouldn't" consolidate the three punishments. This is indicated by the court's second sentence saying it would not consolidate the sentences because that would give defendant a "free ride" on two of them.

We hold that defendant has not met his burden of showing the motion court was clearly erroneous in denying defendant's Rule 27.26 motion.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.